*289 OPINION.
MoRRis:
The sole question presented for consideration is whether the respondent erred in reducing the petitioner’s invested capital by the amount of $6,344.67, representing amounts credited to individual stockholders’ accounts but not having been actually paid to them. The petitioner contends that because these amounts were not paid and because the funds remained in the business they should be included in invested capital.
In the Appeal of Electrical Supply Co., 1 B. T. A. 658, the petitioner, a corporation, had never declared dividends out of profits by formal corporate action. At the end of each fiscal period it distributed its entire net earnings to the personal accounts of its stockholders on its books of account in proportion to their stockholdings. The stockholders had the right to and did draw against such surplus accounts or funds for their personal use. In computing its invested capital the petitioner there, as in the instant case, included the sums credited to the accounts of its stockholders in its invested capital, which amounts were disallowed by the respondent. The action of the respondent in disallowing those sums as invested capital was approved by this Board.
That a formal resolution is not essential to the declaration of a dividend is well settled. Appeal of Kate G. Ryan, 2 B. T. A. 1130.
Where a dividend has been duly declared, whether by the directors themselves or someone else in .authority, and approved by them, there is created a relationship of debtor and creditor between the corporation and its stockholders and the amounts credited to their accounts can not be included in the computation of invested capital. Appeal of Wm. H. Davidow Sons Co., 1 B. T. A. 1215. See also Appeal of Kelly-Buckley Co., 1 B. T. A. 1154.
The action of the respondent in reducing the invested' capital of the petitioner by the amount of $6,344.67 is, therefore, sustained.

Judgment will be entered for the respondent.